J-S61012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBIN DIANE SMITH | |
| APPEAL OF: A+ BAIL BONDS, LLC | No. 711 MDA 2015 |

Appeal from the Order March 20, 2015
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0002058-2014

BEFORE: PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY PANELLA, J. **FILED NOVEMBER 05, 2015**

Appellant, A+ Bail Bonds, LLC, appeals from the order entered March 20, 2015, in the Court of Common Pleas of Schuylkill County, which denied its Motion to Vacate Bail Forfeiture and to Exonerate the Surety. No relief is due.

A detailed recitation of the facts of this case is unnecessary to our disposition. Briefly, on April 20, 2015, Appellant filed a notice of appeal from the trial court's order denying its Motion to Vacate Bail Forfeiture and to Exonerate the Surety. On April 22, 2015, the trial court entered an order directing Appellant to file a Rule 1925(b) concise statement of matters complained of on appeal "no later than twenty-five (25) days after the date

_____

[*] Retired Senior Judge assigned to the Superior Court.

of the entry of this Order." Appellant therefore had until May 18, 2015, to file a timely 1925(b) statement pursuant to the court's order.[1] Appellant's concise statement, dated May 20, 2015, was not filed until May 26, 2015. By either date, it was untimely.

In *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005), our Supreme Court reaffirmed the bright-line rule announced in *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998) requiring appellants to comply with trial court orders for a Rule 1925(b) statement. The decision in *Lord* made it clear that any issues not raised in a Rule 1925(b) statement will be deemed waived. *See Lord*, 719 A.2d at 309. The *Castillo* Court expressly disapproved of prior decisions that carved out exceptions to that rule. *See* 888 A.2d at 780.

We recently reiterated the "automatic nature" of the waiver of issues for failure to comply with Rule 1925(b) and that "we are required to address the issue once it comes to our attention." *Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*). In *Presque Isle Downs*, the *en banc* panel examined Pennsylvania Supreme Court cases construing Rule 1925(b) and noted that "our Supreme Court does not countenance anything less than stringent application of waiver pursuant" to that rule. *Id*. (citation omitted).

---

[1] The twenty-fifth day, May 17, 2015, was a Sunday.

Instantly, Appellant's Rule 1925(b) statement was patently untimely. Even though the trial court issued a Rule 1925(a) order addressing the claims raised in Appellant's untimely concise statement, we are without discretion to review the merits of an untimely 1925(b) statement. "Under current precedent, even if a trial court ignores the untimeliness of a Rule 1925(b) statement and addresses the merits, those claims still must be considered waived: 'Whenever a trial court orders an appellant to file a concise statement of [errors] complained of on appeal pursuant to Rule 1925(b), the appellant must comply in a timely manner.'" *Id*., at 225 (citations omitted).

Accordingly, we find that Appellant has waived its issues on appeal for failing to file a timely Rule 1925(b) statement.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/5/2015